■ In the Matter of Arbitration between STANLEY PRUE, as President of the Syracuse Police Benevolent Association, Respondent-Appellant, and CITY OF SYRACUSE, Appellant-Respondent, and DOMINICK DiPAULO, as President of the Syracuse Firefighters Association, Local 280, IAFF, AFL-CIO, Respondent. [607 NYS2d 756] —Order unanimously reversed on the law without costs, petition denied and award confirmed. Memorandum: Supreme Court erred in vacating the arbitrator's award. The award has a rational basis and is not arbitrary and capricious (see, Caso v Coffey, 41 NY2d 153, 158; see generally, Motor Vehicle Mfrs. Assn. v State of New York, 75 NY2d 175). Additionally, the arbitrator properly considered the criteria enumerated in the Taylor Law (Civil Service Law § 209 [4] [c] [v]; cf., Matter of Buffalo Police Benevolent Assn. v City of Buffalo, 82 AD2d 635) and set forth, with the requisite specificity, the basis for his findings in making his award. We reject petitioner's assertion that a municipality necessarily has the ability to pay the increased wages sought unless it has exhausted its constitutional taxing limit. Moreover, contrary to Supreme Court's findings, we conclude that the arbitrator's award is not internally inconsistent.

The issue whether the arbitrator exceeded the scope of his

authority by making a determination regarding a nonmandatory subject of bargaining and by imposing punitive damages is moot because those conditions precedent expired by passage of time on December 31, 1992, and a consideration of those issues would be inappropriate because "the rights of the parties will [not] be directly affected by the determination of the appeal" *(Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714). In light of our determination, we do not address the remaining contentions of the parties. (Appeals from Order of Supreme Court, Onondaga County, Mordue, J.—Arbitration.) Present—Denman, P. J., Callahan, Balio, Fallon and Davis, JJ.